UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: 4:15CR37 HEA |
| ) | |
| ANTONIO WALLACE, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This case is before the Court on defendant's Second Motion for Compassionate Release, [Doc. No. 106]. For the reasons set forth below, the Motion is denied.

**Facts and Background**

On June 17, 2015, defendant pleaded guilty to one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841 and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(c)(1)(A).

On September 14, 2015, Defendant was sentenced to 137 months imprisonment and 4 years of supervised release. Defendant is presently serving his sentence at Greenville FCI.

Defendant's second *pro se* motion states that he has orally spoken with the Warden, who orally advised Defendant that he would not respond to a request for

release. Defendant further states that he should be considered for release because of the increase in the number of CVID-19 cases at FCI Greenville.

## Discussion

Under Section 603(b) of the First Step Act, effective December 21, 2019, an inmate may now himself (or through his advocate) file a motion for compassionate release pursuant to 18 U.S.C. § 3582(c). Previously, a court could only act to reduce a defendant's sentence for "extraordinary and compelling reasons" if the Director of BOP filed such a motion. As the proponent of the motion, defendant bears the burden of proving both that he has satisfied the procedural prerequisites for judicial review and "extraordinary and compelling reasons" exist to support the motion. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue."). Here, defendant has not properly exhausted his administrative remedies. There is nothing before the Court that establishes, other than his statement, that he requested consideration for compassionate release inside the BOP and was denied.

In evaluating defendant's request for reduction in sentence on its merits, 18 U.S.C. § 3582(c)(1)(A)(i) requires a court to find that "after considering the factors set forth in section 3553(a) to the extent they are applicable," that "extraordinary and compelling reasons warrant such a reduction." Any reduction must be consistent with applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). United States Sentencing Guideline §

3

1B1.13, which governs compassionate-release reductions, provides some specific examples, including:

> (A) Medical Condition of the Defendant.—
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> >
> > (ii) The defendant is—
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old;
>
> (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons

described in subdivisions (A) through (C).

In support of his request, defendant cites good behavior while incarcerated, his tentative job if released, his home plan, and his rehabilitation.

While the Court commends Defendant on his good behavior and efforts toward rehabilitation, these are not extraordinary circumstances giving rise to a compassionate release. The Court does not find that defendant has met his burden of proving that extraordinary and compelling circumstances exist warranting a reduced sentence. Accordingly, his Motion for Compassionate Release [Doc. No. 106] is denied.

Dated this 30th day of December, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE